SHEPHERD, J.,
concurring in part and dissenting in part.
I concur in Parts III. A and III. C of the majority opinion. I respectfully dissent from Part III. B, which affirms that portion of the trial court’s order requiring Arthur to return $511,250 (one-half of the promissory note executed by Mrs. Trask for funds loaned to her by Arthur to satisfy her IRS debt). As is well summarized in Parts I. C and I. D of the Facts and Procedural History of this ease, Carole objected to the IRS settlement transaction from July 2008 until the time the SRA was executed by the Co-Trustees and Carole in September 2009. As counsel for Arthur accurately sets forth in the Initial Brief, by this time:
The relationship between the parties was “no longer one of unquestioning trust.” They were adversaries, negotiating a settlement at arms length under threat of litigation. Carole chose to execute the SRA, which included a broad general release. Centro Empresarial Cempresa, S.A., 17 N.Y.3d at 275, 278, 929 N.Y.S.2d 3, 952 N.E.2d 995. Arthur assigned the promissory note to Trust *1217 One in satisfaction of “any and all claims against him ... arising out of the facts recited,” while Carol “waive[d] any right ... she has, might have or has had” to object to “any action or omission” of Arthur and Shari, individually or as trustees. (S.R.363). Carole further remised, released and discharged Arthur and Shari, both individually and as trustees “from any and all claims, demands or liabilities whatsoever which the beneficiaries have, or might have by reason of their “acts and omissions ... individually, or as Trustees of Trust One.” (S.R.868-64).
This is precisely the type of broad release which barred Carole’s claims regarding the IRS transaction. See Morefun [Co., Ltd. v. Mario Badescu Skin Care Inc.], 588 Fed.Appx. [54] at 55 [ (2d Cir.2014) ]: Bellefonte Re Insurance Company [v. Argonaut Ins. Co.], 757 F.2d [523] at 526-27 [(2d Cir.1985)]; Centro Empresarial Compresa, S.A., 17 N.Y.3d at 3[2]77—78 [929 N.Y.S.2d 3, 952 N.E.2d 995]; Long v. O’Neill, [126 A.D.3d 404, 405-08, 5 N.Y.S.3d 42] 2015 WL 869317 at 2-3 [(1st Dept.2015)].
Here, the probate court found the SRA was “not valid” because Arthur was a fiduciary and did not disclose to Carole that “Ada had very little money of her own” (with which to repay her promissory note), and that Ada’s condominium was held by a different trust. (R. 4307). Assuming that all of the court’s factual findings are correct, its legal conclusion was erroneous. As a matter of law, the SRA was still valid, binding and enforceable.
For this reason alone, the orders requiring Arthur to repay Trust One half of $1,022,500 plus interest (reflecting the IRS transaction) should be reversed.
I agree with this reasoning and would therefore completely reverse the judgment entered below.